JUSTICE GRAY,
specially concurring.
I concur in the result the Court reaches on both issues.
With regard to the admissibility of the blood test results, I agree that the District Court’s implicit finding that Officer Zarske asserted his authority to arrest with the intention to affect an arrest is supported by substantial credible evidence and is not otherwise clearly erroneous. My agreement is based on the fact that the officer read the implied consent form which advised Widenhofer that he was under arrest to Widenhofer twice and because physical restraint is not necessary to effectuate an arrest. It is my opinion, however, that the facts of this case — namely, that Officer Zarske did not write a Notice to Appear while at the hospital and that Officer Zarske told Widenhofer he would be contacted by mail if the blood test results indicated that Widenhofer was under the influence — also would have supported a finding by the District Court that the officer had not asserted his authority to arrest with intention to affect an arrest and a corresponding conclusion, under Thornton, that no arrest had been made in this case. Nevertheless, because our standard in reviewing a district court’s findings is not whether evidence supported a contrary finding, I agree that the District Court did not err in determining — on this record — that Widenhofer was arrested and, as a result, in denying his motion to suppress the blood test results.
With regard to the second issue, I agree entirely with the Court’s rationale relating to the inadmissibility of Officer Zarske’s testimony regarding Rothschiller’s statements to him. I also agree with the remand for a new trial, because that is the remedy sought by the appellant in this case. Whether a remand, as opposed to a directed judgment of acquittal or dismissal of the charge, would have been appropriate under the double jeopardy analysis set forth in State v. Warren (1981), 192 Mont. 436, 628 P.2d 292, is a question not presented here.